```
        IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                  EL DORADO DIVISION
```

TRACEY E. BURDINE                                          PLAINTIFF

              v.           Civil No. 06-1018

LINDA S. McMAHON, Commissioner
Social Security Administration                             DEFENDANT

## MEMORANDUM OPINION

Plaintiff Connie L. Greenwell brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (the Act).  Both parties have filed appeal briefs and the matter is now ripe for review.  The Court, being well and sufficiently advised, finds and orders as follows with respect thereto:

**BACKGROUND**

1.   Plaintiff is a 39-year old individual with a high school education and past relevant work experience as a restaurant/office cleaner and hotel/motel housekeeper. Plaintiff protectively filed applications for DIB and SSI benefits on July 18, 2002, alleging that she became disabled on June 1, 1994, due to Marfan's

syndrome[1], headache pain, and diminished visual acuity.  (Tr. 75-77, 93, 384 -87.)

2.   An administrative hearing was conducted on May 29, 2004 (Tr. 438-67), and, on September 18, 2004, the ALJ issued a written opinion (Tr. 398-402).  The ALJ found, inter alia, that plaintiff could stand/walk six hours in an eight-hour day.  (Tr. 401.)  With regard to plaintiff's vision problems, the ALJ noted that a consultative opthamology evaluation revealed:

> corrected visual acuity of 20/70-2 in each eye. Intraocular pressure was 15 bilaterally.  Slit eye examination revealed bilateral subluxated lenses.  The claimant's diagnoses included high myopia; subluxated lenses bilaterally; and Marfan's syndrome.

(Tr. 286, 399.)  The ALJ found that plaintiff could not read **without the use of bold print and visual aids** (emphasis added). (Tr. 401.)  However, a vocational expert testified at the administrative hearing that, even with these limitations, the plaintiff could still perform work as a cafeteria attendant and packer.  (Tr. 402.)  The ALJ, therefore, concluded that plaintiff was not disabled.

3.   Plaintiff appealed the ALJ's decision to the Appeals Council, and the Appeals Council remanded the case to the ALJ for

---

[1] Marfan's syndrome is a connective tissue disorder resulting in ocular, skeletal, and cardiovascular abnormalities.  Patients are taller than average for their age, with arm span exceeding height.  The digits are disproportionately long and thin. Hyperextensibility of joints, backward curvature of the legs and knees, flat feet, and kyphoscoliosis occur often.  Ocular findings include subluxation of the lens and iridodonsis.  Cardiovascular changes result from weakness of the aortic media.  The Merck's Manual, 17th ed., pg. 2406 (1999).

further consideration and development of additional evidence. (Tr. 403-05.)

4. The ALJ conducted another administrative hearing on February 9, 2005 (Tr. 468-500), and, on May 17, 2005, the ALJ issued another written decision (Tr. 14-27). The ALJ found plaintiff's ability to sit/stand to be more limited than previously found, concluding that she would "require work in which she could perform most, if not all, required tasks while sitting and/or a work environment which would require only limited standing and/or walking." (Tr. 26.)

With regard to plaintiff's visual problems, the ALJ noted that plaintiff's medical records revealed "diminished visual acuity with best corrected vision of 20/100 (OD-right) and 20/60 (OS-left)." (Tr. 18, 423.) According to plaintiff's records, her vision "was not correctable enough to allow her to get a driver's license in the [S]tate of Arkansas ... and her right eye is getting very close to being considered legally blind." (Tr. 423.) Despite finding that plaintiff's vision had deteriorated, the ALJ concluded that plaintiff would only be precluded from performing work that required "**fine or detailed visual acuity**" (emphasis added). (Tr. 26.)

A different vocational expert testified at the second administrative hearing. According to this vocational expert, with the physical and visual limitations found by the ALJ,

-3-

plaintiff could still perform the work of an office clerk or receptionist. (Tr. 491-96.) The ALJ, therefore, concluded that plaintiff was not disabled.

**APPLICABLE LAW**

5.  Our review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). The court's role is to determine whether the Commissioner's decision is supported by substantial evidence in the record as a whole. *Siemers v. Shalala*, 47 F.3d 299, 301 (8th Cir. 1995). Substantial evidence means more than a mere scintilla of evidence, it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Oberst v. Shalala*, 2 F.3d 249, 250 (8th Cir. 1993). In deciding whether the Commissioner's findings are supported by substantial evidence, the court must consider the evidence that supports the Commissioner's decision, along with evidence that detracts from it. *Siemers,* 47 F.3d at 301; *Barrett v. Shalala*, 38 F.3d 1019, 1022 (8th Cir. 1994).

6.  It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *See Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § §

423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

7.   The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits:

(1)   whether the claimant has engaged in substantial gainful activity since filing her claim;

(2)   whether the claimant has a severe physical and/or mental impairment or combination of impairments;

(3)   whether the impairment(s) meet or equal an impairment in the listings;

(4)   whether the impairment(s) prevent the claimant from doing past relevant work; and

(5)   whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920.

**DISCUSSION**

8.   The Court is troubled by the ALJ's inconsistent findings in his first and second written opinions regarding plaintiff's

visual impairments.  In the ALJ's first decision, he found that plaintiff's corrected visual acuity was 20/70 in each eye and that plaintiff could not read without the use of bold print and visual aids.  In his second decision, the ALJ found that plaintiff's visual acuity had diminished to 20/100 in her right eye.  This finding was supported by plaintiff's medical records, which also revealed that plaintiff's poor vision prevented her from obtaining a driver's license and that she was considered to be "very close" to being legally blind in her right eye.  The ALJ, nevertheless, concluded in his second decision that plaintiff would only be precluded from performing work that required fine or detailed visual acuity.

In essence, the ALJ inexplicably found that while plaintiff's visual impairments had worsened, plaintiff's ability to read had somehow improved.  This finding cannot be said to be supported by substantial evidence.  Further, if, as the ALJ originally found, plaintiff can only read with the use of bold print and visual aids, then the Court finds a lack of substantial evidence to support the ALJ's conclusion that plaintiff is capable of working as an office clerk or receptionist.

9.  Accordingly, the Court believes remand is necessary to allow the ALJ to further develop the record with regard to plaintiff's visual impairments and to obtain further vocational

testimony regarding the work, if any, plaintiff is capable of performing with these impairments.

**CONCLUSION**

10.  Based on the foregoing, this case is hereby remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).  Given that plaintiff's DIB and SSI applications have been pending for over four years and that the case was previously remanded by the Appeals Council, the Commissioner is directed to expedite the proceedings on remand.

IT IS SO ORDERED this 28th day of February 2007.

/S/JIMM LARRY HENDREN
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE