IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

TRACEY E. BURDINE                                                          PLAINTIFF

vs.                          Civil No. 1:06-cv-01018

MICHAEL J. ASTRUE[1]
Commissioner, Social Security Administration              DEFENDANT

## **MEMORANDUM ORDER**

Pending now before this Court is the Plaintiff's Application for Attorney's Fees under the Equal Access to Justice Act ("EAJA"). (Doc. No. 13).[2] The Commissioner has responded to this application. (Doc. No. 17). The Commissioner has no objections to this application. This matter is ready for decision.

**Background:**

Tracey E. Burdine ("Plaintiff") appealed to this Court from the Commissioner of the Social Security Administration's ("Commissioner") denial of Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (Doc. No. 1). On February 28, 2007, the Honorable Judge Jimm Larry Hendren entered an order remanding the Plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. No. 12). After this remand, the Plaintiff filed the present application for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (1998). (Doc. No. 17). This application was filed on April 24, 2007. In this application, the Plaintiff's attorney, Denver Thorton, seeks approval of attorney's fees for professional services in

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] The docket numbers for this case are referenced by the designation "Doc. No."

the amount of $2,500.00.

**Applicable Law:**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The Commissioner has the burden of proving that the denial of benefits was substantially justified. *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified"). An EAJA application also must be made within thirty (30) days of a final judgment in an action, *See* 28 U.S.C. § 2412(d)(1)(B), or within 30 days after the sixty (60) day time for appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)). The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . . "Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed that statutory rate if "the court determines that [there was] an increase in the cost of living or [the court determines there was] a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee." *Id.*

**Discussion:**

In the present action, the Plaintiff's case was remanded to the Commissioner. (Doc. No. 12). The Commissioner does not contest the Plaintiff's claim that she is the prevailing party, does not oppose the Plaintiff's attorney's application for fees under the EAJA, does not object to the hourly rate requested, and does not dispute the number of hours expended by counsel. (Doc. No. 17). This Court construes this lack of opposition to the Plaintiff attorney's application in the present action as an admission that the government's decision to deny benefits was not "substantially justified" and that the Plaintiff was the prevailing party.

The Plaintiff's attorney requests an award under the EAJA at the rate of $125.00 per hour for the 20 hours which he asserts were devoted to the representation of the Plaintiff in this Court. (Doc. No. 13). This rate is the hourly rate authorized by the EAJA, and this Court finds that this is an appropriate hourly rate for the award of attorney's fees in this case.

Further, we have reviewed counsel's itemization of time appended to his petition (Doc.

14, Attachment). This Court notes that the Defendant has not objected to the number of hours for which counsel seeks a fee award, and this Court finds the time asserted to be spent in representation of the Plaintiff before the district court is reasonable. Thus, this Court finds that plaintiff's counsel is entitled to compensation under the EAJA in the amount of $2,500.00, which is a total of 20 hours at a rate of $125.00 per hour.[3]

**Conclusion:**

Based upon the forgoing, this Court awards the Plaintiff's attorney $2,500.00 in attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412. This total represents a fee of $125.00 per hour for 20 hours of work.

**ENTERED** this **9th Day of May, 2007.**

/s/   Barry A. Bryant
Honorable Barry A. Bryant
United States Magistrate Judge

---

[3] The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406 in order to prevent double recovery for the Plaintiff's attorney.